UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLYA DEPAUW, et al., on behalf of herself and all others similarly situated,

        Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.,

        Defendant.

                                        /

CASE NO. 11-12398

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY

Now before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Stay (Doc. No. 12). The Court has reviewed all of the filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff filed suit, alleging that MERS wrongfully foreclosed by advertisement because Defendant was neither "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." See Mich. Comp. Laws § 600.3204(1)(d). In support of her position, Plaintiff relies on a decision by the state appellate court in Residential Funding Co. v. Saurman, Nos. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011). On September 28, 2011, the Michigan Supreme Court granted a motion for expedited consideration of an application for leave to appeal Saurman, see , Nos. 143178-9, 2011 WL 4495070 (Mich. Sept. 28, 2011), and

argument on the appeal is set for November 2011.

## II.  STANDARD OF REVIEW

A district court may grant a stay to conserve judicial resources.  As Justice Cardozo noted:

> the power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort or itself, for counsel, and for litigants.

Landis v. North American Co., 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, the court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Id. at 254.

## III.  ANALYSIS

At the outset, the Court observes that trial courts can and do stay proceedings pending the resolution of another case by another court.  See e.g. Twenty First Century Corp. v. LaBianca, 801 F.Supp. 1007, 1010 (E.D. N.Y. 1991) (staying civil litigation until a criminal case resolved); Rosenfield v. Paine Webber, Case No. C86-415A, 1986 WL 21355 at *1 (N.D. Ga. Nov. 18, 1986) (staying civil proceedings under the Securities Exchange Act of 1934 while the circuit court decided whether the claims could be arbitrated).  Here, the Court finds staying this action until resolution of the proceedings before the Michigan Supreme Court promotes docket efficiency.  The delay should be minimal given the November date for oral argument.  Moreover, the hardship to Plaintiff in delaying this

matter does not outweigh the damage to Defendant in proceeding with litigation that turns on the Michigan Supreme Court's review of Saurman. Upon balancing of the relevant factors, it is clear that a stay promotes judicious use of resources and will simplify the issues in this litigation.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion is **GRANTED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: October 18, 2011

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record and Plaintiff on this date.

s/Bernadette M. Thebolt
Case Manager